# In the United States Court of Federal Claims

No. 23-1208

Filed: September 5, 2024

|  |  |
|---|---|
| CHARLES SNYDER, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**ORDER**

    Some matters just resolve themselves.  Plaintiff Charles Snyder's suit—alleging military whistleblower retaliation, ineffective assistance of counsel, and improper forced medical retirement by the United States Department of the Air Force, acting through the Air Force Board for Correction of Military Records ("AFBCMR")—is one such example.  *See generally* Complaint, ECF No. 1 [hereinafter Compl.].  Defendant, the United States of America, argues that Mr. Snyder's whistleblower retaliation claim should be dismissed for lack of subject-matter jurisdiction; and argues his remaining claims were waived in writing, thus requiring the Court to grant defendant's motion for judgment on the administrative record.  *See* Defendant's Motion for Judgment on the Administrative Record at 1, ECF No. 17 [hereinafter Def.'s Mot.].  Mr. Snyder does not dispute these arguments in his motion for judgment on the administrative record or any other filing.  *See generally* Plaintiff's Motion for Judgment on the Administrative Record, ECF No. 12 [hereinafter Pl.'s Mot.].  Indeed, he stopped prosecuting his action midway through the suit by failing to file a response, reply, or notice after the opening skirmish.  The battlements simply went quiet; the clash seemingly ceased.  The Court, however, cannot be so reticent, and grants defendant's motion for partial dismissal and motion for judgment on the administrative record.

**I**

    First, consider Mr. Snyder's whistleblower retaliation claim, in which he alleges a violation of the Military Whistleblower Protection Act.  *See* Compl. at 15–16; Pl.'s Mot. at 13–14.  Such claims are entirely beyond the Court's subject-matter jurisdiction.  *Nicely v. United States*, 23 F.4th 1364, 1367–68 (Fed. Cir. 2022) (holding that this Court lacks jurisdiction over actions under the Military Whistleblower Protection Act).  Per the Tucker Act, only claims against the United States of America that are attached to a money-mandating statute may be heard by the Court.  *See* 28 U.S.C. § 1491(a)(1); *Collins v. United States*, 67 F.3d 284, 286 (Fed. Cir. 1995) ("Since the Tucker Act does not mandate the payment of plaintiff's alleged damages,

to recover he must base his claim on some other statute that creates a substantive right by mandating the payment of his claim."). When the Court lacks subject-matter jurisdiction, as it does with military whistleblower retaliation claims, the claim must be dismissed. *Lewis v. United States*, 476 F. App'x 240, 244 (Fed. Cir. 2012) ("The [United States Court of Federal] Claims . . . has previously found that for purposes of Tucker Act jurisdiction the Military Whistleblower Protection Act is not money-mandating."). Therefore, regardless of whether Mr. Snyder's claim is valid, his claim is "filed . . . in the wrong" Court and, accordingly, must be dismissed for lack of subject-matter jurisdiction. *Id.* at 244 n. 4.

## II

Mr. Snyder's remaining two claims—of ineffective assistance of counsel and of improper forced medical retirement—fair no better. *See* Compl. at 14–15. These claims arise from the Air Force's Informal Physical Evaluation Board's ("AFIPEB's") medical evaluation of Mr. Snyder. *See* Def.'s Mot at 9; Pl.'s Mot. at 7–8; *see generally* Compl. During the evaluation process, the AFIPEB assigns a Physical Evaluation Board Liaison Officer (the "Officer"), who, among other things, advises individuals about their rights to counsel and rights to appeal the AFIPEB's determinations. *See* Def.'s Mot. at 9–15. Although dissatisfied individuals may appeal the AFIPEB's findings and recommendations as a matter of right, they may waive their rights to appeal by signing Air Force Form 1180, titled "Action On Informal Physical Evaluation Board Findings And Recommended Disposition." They may also waive their rights to counsel by signing a "Legal Representation Form." In this case, Mr. Snyder signed a "Legal Representation Form" waiving his right to consult an attorney, and subsequently signed Air Force Form 1180 waiving his right of appeal. *Id.* at 12 (citing Administrative Record [hereinafter AR] 236–37). Under such circumstances, the Court concludes that he waived his right to appeal. *See Gant v. United States*, 63 Fed. Cl. 311, 318 (2004), *aff'd*, 417 F.3d 1328 (Fed. Cir. 2005). "Allowing [Mr. Snyder] to maintain [his] claim[s] after waiving [them] earlier would render the waiver meaningless." *Id.* A man's word—like a military decision—must be reliable. *Cf. Fed. Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99, 142 (1960) ("Great nations, like great men, should keep their word.") (Black, J. dissenting).

Crucially, a contrary holding would prejudice defendant. Before the AFBCMR, Mr. Snyder alleged that (a) he received ineffective assistance of counsel from the Officer, and (b) the AFIPEB's findings and recommendation were unmoored from the evidentiary record. *See* AR 12–24; *see also* Compl. 1–2, 7–8, 13. But the panel's decision relied, in part, on Mr. Snyder's voluntary and written "agree[ment] with the findings and recommended disposition [of the AFIPEB] and waived his rights to further appeal," inclusive of the aforementioned claims. *See* Def.'s Mot. at 19 (quoting AR 3); *see also* AR 193. Consequently, by challenging the AFIPEB's findings and recommendations for the first time in this Court, Mr. Snyder deprived "the [Air Force, acting through the AFBCMR,] . . . [of] an opportunity to entertain any claim or objection . . . [and] of the opportunity to correct its own errors—if they ever existed." *Gant*, 53 Fed. Cl. at 318. The Court declines to allow that result. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts.").

Even if Mr. Snyder did not waive the claims at issue, he forfeited them by failing to file a response to defendant's motion for partial dismissal and motion for judgment on the

administrative record. When a party "fail[s] to respond" to an opposing party's dispositive motion, like judgment on the administrative record, courts have routinely found that all uncontested arguments are "conceded." *Cent. Mfg. v. Surgical Navigation Techs., Inc.*, 92 F. App'x 789, 792 (Fed. Cir. 2004); *e.g.*, *Sheets v. United States*, 2 Cl. Ct. 101, 102 n. 2 (1983) ("Plaintiffs' cross-motion fails to brief either Counts II or III of their petition, and, as requested by defendant, both claims are deemed abandoned."); *accord Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466–67 (7th Cir. 2010) (holding that, because the appellant failed to respond to the appellee's arguments, the court was left with "no choice but to accept [appellee's] assertions—supported as they are by pertinent legal authority.").  Because Mr. Snyder never responded to defendant's motion for judgment on the administrative record, he has conceded that he waived his right to appeal, including at this Court.  Defendant's cross-motion for judgment on the administrative record, ECF No. 17, is thus granted.

* * *

In sum, defendant's motion for partial dismissal, ECF No. 17, and its cross-motion for judgment on the administrative record, ECF No. 17, are both **GRANTED** for the foregoing reasons.  Consequently, plaintiff's motion for judgment on the administrative record, ECF No. 12, is **DENIED**.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge